UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARANAK PAHLEVANI, PH.D., | ) |
|    Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) No. |
| vs. | ) |
| | ) |
| THE PENNSYLVANIA STATE UNIVERSITY, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
|    Defendant | |

## CIVIL COMPLAINT

Faranak Pahlevani, Ph.D., by undersigned counsel, files this Civil Complaint and in support alleges the following:

I.    Jurisdiction

1.    The jurisdiction of this court is invoked pursuant to Section (16)(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and 28 U.S.C. §1331 and §1343.  This action is also brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5, The Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

2.    Plaintiff has exhausted federal administrative remedies.  Plaintiff filed her charge with the Equal Employment Opportunity Commission (EEOC), on or about October 31, 2022, and it was dual filed with the Pennsylvania Human Relations Commission ("PHRC").  On June 20, 2023, the EEOC issued a Right-to-Sue letter.  This suit is timely filed.

II.     Venue

3.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

III.    The Parties

4.      The plaintiff, Faranak Pahlevani, Ph.D. ("Dr. Pahlevani"), is a female individual of Middle-Eastern Iranian race who resides at 437 Haywood Rd., Amber, Pennsylvania, 19002. At all times relevant, she was an employee of Defendant, within the meaning of the Fair Labor Standards Act and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. § 2000e-5, The Civil Rights Act of 1866 42 U.S.C. § 1981, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

5.      The defendant, The Pennsylvania State University ("Penn State") is a university located at 201 Old Main, University Park, Pennsylvania 16802.  Penn State also has branch campuses in various parts of Pennsylvania.  Defendant is an "employer" and is engaged in interstate commerce within the meaning of the applicable legislation cited herein. Defendant is also an educational institution that conducts educational programs and activities and receives Federal financial assistance.

III.    Factual Background

6.      Dr. Pahlevani is a female Professor of Mathematics at Penn State.  She teaches at the University's Abington Campus.  Dr. Pahlevani was born in Iran.

7. Dr. Pahlevani has been aware that she is being paid less than a male, American born Caucasian male colleague, Matthew A. Fury, Ph.D., ("Dr. Fury") despite their work requiring equal skill, effort, and responsibilities.

8. Dr. Pahlevani has repeatedly complained to Penn State about the pay inequality and that she has been treated less favorably than Dr. Fury. However, Penn State has repeatedly failed to address the illegal pay inequity and discrimination against Dr. Pahlevani.

9. Both Dr. Pahlevani and Dr. Fury were promoted to the rank of full professor in the Mathematics Department effective, July 1, 2022. Despite the contemporaneous promotions, the pay disparity has continued.

10. Penn State has repeatedly failed to remedy the compensation inequity between Dr. Pahlevani and Dr. Fury.

11. In July and August of 2022, Dr. Pahlevani complained to Penn State's legal counsel about the discrimination she has endured. However, Penn State has taken no action to remedy the inequality described herein.

## COUNT I - EQUAL PAY ACT VIOLATION

12. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

13. From May of 2016, through the present, Defendant violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Dr. Pahlevani less than it paid Dr. Fury for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

14. Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

(a) The difference between the wages actually received by Dr. Pahlevani and the wages paid to Dr. Fury for equal work within the meaning of the Equal Pay Act;

(b) Liquidated damages in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §216(b), and §206(d)(3);

(c) An award of pre-judgment interest;

(d) An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

(e) Any and all such other additional relief as the Court finds to be just and equitable.

### COUNT II – 42 U.S.C. § 1981

### Racial Discrimination

15. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

16. The above described unlawful employment practices by Defendant, its agents, servants and employees violate 42 U.S.C. § 1981.

17. The Defendant's actions were performed with malice and/or reckless indifference to Dr. Pahlevani's federally protected rights.

18. As a direct and proximate result of the above-mentioned employment practices, Dr. Pahlevani has lost income, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Dr. Pahlevani demands judgment against Penn State and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages,

punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## COUNT III – TITLE VII

### Sex, Race, and National Origin Discrimination

19. Plaintiff incorporates by reference the averments of Paragraphs 1-18 of the Complaint as if the same were set forth in full.

20. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

21. The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

22. As a direct and proximate result of the above-mentioned employment practices, Dr. Pahlevani has lost income the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Dr. Pahlevani demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## COUNT IV – TITLE IX

### Sex Discrimination

23. Plaintiff incorporates by reference the averments of Paragraphs 1-22 of the Complaint as if the same were set forth in full.

24. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title IX.

25. The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

26. As a direct and proximate result of the above-mentioned employment practices, Dr. Pahlevani has lost income the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Dr. Pahlevani demands judgment against Defendant, injunctive relief, and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

JURY TRIAL DEMANDED

        Respectfully submitted.


        By<u>/s/ Thomas B. Anderson, Esquire</u>
          Thomas B. Anderson, Esquire
          Pa. I.D. No. 79990

          Bordas and Bordas, PLLC.
          420 Fort Duquesne Blvd., Suite 1800
          Pittsburgh, PA  15222
          (412) 502-5000
          tanderson@bordaslaw.com

          Counsel for the Plaintiff

Dated: July 18, 2023